# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **REGIS W. HEARN** | : | **CASE NO.** _____ |
| **67 Diamond** | : | |
| **Irvine, California 92620** | : | **JUDGE** _____ |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **DICK'S SPORTING GOODS, INC.,** | : | **COMPLAINT** |
| **5700 Deerfield Blvd.** | : | **AND JURY DEMAND** |
| **Mason, OH 45040** | : | |
|     c/o Statutory Agent | : | |
|     **Corporation Service Company** | : | |
|     **3366 Riverside Drive, Suite 103** | : | |
|     **Upper Arlington, Ohio 43221** | : | |
| | : | |
| And | : | |
| | : | |
| **GERALD E. ALBRIGHT** | : | |
| In his individual and official capacity | : | |
| as an employee of the Dick's | : | |
| Sporting Goods, Inc. | : | |
| **5700 Deerfield Blvd.** | : | |
| **Mason, OH 45040** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## COMPLAINT

NOW COMES Plaintiff, Regis W. Hearn ("Mr. Hearn"), by and through his undersigned Counsel, and for his Complaint against the above-named Defendants, hereby states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the instant matter under 28 U.S.C. §§ 1331, 1332 because the above-named Defendants, each of whom is a private party, have denied Mr. Hearn the same rights to make and enforce contracts as are enjoyed by white citizens in violation of 42 U.S.C.

§ 1981 as amended by the 1991 Civil Rights Act, and have denied him the same right as is enjoyed by white citizens to purchase and hold personal property in violation of 42 U.S.C. § 1982. Because said Defendants have further denied Mr. Hearn the full enjoyment of the accommodations, advantages, facilities, and privileges of a place of public accommodation in violation of the Ohio Civil Rights Act, O.R.C. § 4112.02(G), this Court also has jurisdiction under 28 U.S.C. § 1367; Furthermore, Plaintiff and Defendant have diversity of citizenship and the damages alleged exceed $75,000.

2. Venue is proper because the claims raised in this Complaint arose within the City of Mason in Warren County, Ohio, which is located in the Southern District of Ohio, Western Division, and all Parties either reside or have conducted business in the Southern District of Ohio, Western Division.

### THE PARTIES

3. Plaintiff, Mr. Hearn, is a 39-year-old black man, a citizen of the United States, and a resident of Irvine, California.

4. Defendant, Dick's Sporting Goods, Inc. ("Dick's"), is a private corporation for profit that is registered in the State of Ohio and owns and operates retail stores in Ohio, including but not limited to the establishment at 5700 Deerfield Blvd in the City of Mason, Ohio (hereinafter the "Mason Store") at which each of the claims raised arose.

5. Defendant, Gerald E. Albright (alternately referred to hereinafter as "Defendant Albright" and "Gerry"), is a 66-year-old white man and a resident of Mason, Ohio, who at all times relevant, was an employee of Dick's and the manager of its Mason Store.

## THE FACTS

6. After purchasing a bicycle online from Dick's, Mr. Hearn further contracted to have that bicycle assembled in Dick's Mason Store by and through a non-party Dick's employee, an associate named Drew.

7. On June 11, 2020, Mr. Hearn returned to the Mason Store with his 13-year-old son and 8-year-old daughter, each of whom are also black, with the intention of purchasing an inner tube for his daughter's bicycle tire, checking on the status of the bicycle being assembled, and possibly purchasing another bicycle.

8. When Mr. Hearn and his children attempted to enter the Mason Store, they were confronted outside its front doors by Defendant Albright who claimed to be the store manager and demanded to know Mr. Hearn's reason for coming to Dick's Mason Store.

9. Hearn responded to Defendant Albright's demand by saying he was there to pick up a bicycle purchased two days prior, and to buy an inner tube for his daughter's bicycle, but Defendant Albright falsely claimed that "we don't have any bikes for sale" as if to prevent the Hearn family from entering the Mason Store.

10. Even after Mr. Hearn informed Defendant Albright that he had already been in the Mason Store, and repeated that he was there to pick up a bicycle already purchased and to buy a bicycle inner tube, Defendant Albright continued to insist that Dick's had no bikes for sale, and further falsely claimed that the Mason Store had no inner tubes.

11. Confused, Mr. Hearn proceeded toward the entrance of the Mason Store, but Defendant Albright again tried to dissuade him, this time by pretending to ask someone on the

other end of a radio communicator if the store had any inner tubes only to falsely state again that "We do not have any tubes."

12. Knowing that Defendant Albright's statements were false, Mr. Hearn continued attempting to make his way into the Mason Store, but at his point, Defendant Albright stepped in front of Mr. Hearn and his children, blocking the entrance each time they tried to proceed.

13. Although Mr. Hearn was eventually able to maneuver his way around Defendant Albright and enter the Mason Store, Mr. Albright continued to follow him and crowd him at an uncomfortably close distance, all while insisting that the Mason Store had no bicycles or inner tubes and demanding that Mr. Hearn explain why he was still there.

14. When Mr. Hearn finally made it to the back of the store with Defendant Albright still harassing him, he was met by Drew, the same associate with whom he had earlier contracted, and another non-party Dick's employee, an associate named Evan.

15. Referring to Defendant Albright, Mr. Hearn asked Evan and Drew "What's with that guy?" to which they responded, "Don't worry about Gerry. He's racist."

16. Of course, Drew knew that Mr. Hearn was there to pick up the bicycle that he had already contracted to have assembled, and when Mr. Hearn explained that he also wanted to purchase an inner tube for his daughter and perhaps buy another bicycle, Drew and Evan confirmed that Gerry's statements were false and showed Mr. Hearn where such merchandise could be found.

17. Concerned that Gerry might take further action, Mr. Hearn discretely texted a friend who he asked to send police to the Mason Store before attempting to proceed with his purchase.

18. Warren County Sheriff's deputies did respond to the Mason Store, and after meeting with Mr. Hearn, they took statements from several witnesses including another Dick's employee, an associate named Natalie Abel ("Ms. Abel"), who came forward to say that she had witnessed the encounter between Gerry and Mr. Hearn.

19. Ms. Abel not only confirmed Mr. Hearn's recounting of events, including the fact that her manager Gerry had tried to prevent Mr. Hearn and his children from entering the store, but further volunteered her belief that Gerry had done so because he believed African Americans were responsible for recently alleged thefts from the store.

20. In a later reported statement, Ms. Abel further volunteered that racial discrimination was a regular practice at Dick's Mason Store, admitting that Defendant "Albright tells us to watch black people because they steal stuff."

22. Thus, while trying to make a new contract with Dick's and to enforce a contract already made, Mr. Hearn was denied the right to so by Dick's own employee, Defendant Albright, who was working within the scope of his employment and in claimed furtherance of Dick's interests.

23. Upon investigation, the Ohio Civil Rights Commission concluded that Mr. Hearn was "subjected to racial behavior" by Dick's and had thereby been "unlawfully denied the full enjoyment of the accommodations, advantages, facilities, and privileges" of its Mason Store, a place of public accommodation as defined under Ohio Law.

24. Dick's itself has, after reportedly conducted its own investigation, likewise concluded not only that Defendant Albright's conduct was racist, but that several other still-unidentified employees at its Mason Store were also apparently prone to racial discrimination.

25.     Upon inquiry, Dick's has accordingly admitted that Mr. Hearn was subjected to intentional racism at its Mason Store and that "the way we treated Mr. Hearn was unacceptable."

26.     As a direct and proximate result of Defendant Albright's intentional racial discrimination and malicious acts, Mr. Hearn's children have suffered documented mental trauma which in turn has caused Mr. Hearn to suffer financial harms in the form of psychiatric bills.

27.     Specifically, Mr. Hearn's 13-year-old son is receiving psychiatric care because since this incident for which his father is required to pay because he reportedly feels that "being black" is "wrong" and does not understand why black people cannot shop at Dicks, while his 8-year-old daughter is undergoing psychiatric treatment for which her father must pay because she is genuinely scared and uncomfortable to live in her skin and is now afraid to go into stores at all as a result of this incident.

28.     In addition to the financial harms referenced above, Mr. Hearn has not only suffered insult, but has further suffered mental and emotional anguish and trauma of his own as a direct result of this incident, as well as the humiliation and inconvenience of being racially profiled and forced to take his business elsewhere.

**FIRST CLAIM – 42 U.S.C. §§ 1981, 1982**
**(CIVIL RIGHTS ACT AS AMENDED)**

29.     Mr. Hearn has been the victim of intentional racial discrimination at the hands of Defendant Albright as he acted in the scope of his employment as manager of Dick's Mason Store.

30.     Mr. Hearn is black and therefore a member of a protected class.

31.     Mr. Hearn sought to make and enforce contracts for services ordinarily provided by Defendants, but was denied the right to enter into and enjoy contractual relationships to

purchase and hold goods by (a) being denied the same benefits, privileges, terms, and conditions of such contractual relationships that similarly situated persons outside the protected class enjoy, and by (b) being provided services in a markedly hostile manner that a reasonable person would find objectively discriminatory.

32. But for Defendant Albright's intentional racial discrimination, Mr. Hearn would have been able to enjoy the same right to make and enforce contracts as white citizens, and specifically, to enjoy the same benefits, privileges, terms, and conditions under which white citizens are able to purchase and hold property from Dick's Mason Store.

## SECOND CLAIM – O.R.C. §§ 4112.02
## (OHIO CIVIL RIGHTS ACT)

33. Dick's Mason Store is a "place of public accommodation" under Ohio law.

34. Under the Ohio Civil Rights Act, and under O.R.C. § 4112.02(G) specifically, it is unlawful for "any proprietor [i.e. owner] or any employee, keeper, or manager of a place of public accommodation to deny to any person… the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation" on the basis of that person's race.

35. The acts of Defendants complained of herein constitute violations of said Act.

## THIRD CLAIM – RESPONDEAT SUPERIOR

36. Because at all times relevant hereto, Defendant Albright was acting as an employee and agent of Dick's in furtherance of Dick's perceived interests and within the scope of his duties as manager of Dick's Mason Store, Dick's, as Defendant Albright's employer and principal, is liable for Defendant Albright's acts under the doctrine of respondeat superior.

**WHEREFORE,** Plaintiff Regis W. Hearn demands judgment against the Defendants that will adequately compensate him for his injuries and damages as follows:

A. Award Plaintiff compensatory damages against the Defendant excess of the statutory minimum to be fully determined at a trial of this matter, including but not limited to any emotional distress, business losses, interest, costs, and attorney fees expended,

B. Award Plaintiff punitive damages,

C. Award Plaintiff attorneys' fees,

D. Award costs of suit, and

E. Award any other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Respectfully Submitted,

*/s/ Jason R. Phillabaum*
_____
**JASON R. PHILLABAUM (0072219)**
**YONAS & PHILLABAUM, LLC**
**Trial Attorney for Plaintiff**
9656 Cincinnati Columbus Rd.
Cincinnati, Ohio 45241
Phone: (513) 338-1800
Fax: (513) 263-9031
Email: Jason@Phillabaum.org

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and requests a trial by jury on all issues.

Respectfully Submitted,

*/s/ Jason R. Phillabaum*
_____
**JASON R. PHILLABAUM (0072219)**