## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**REGIS W. HEARN,**

        **Plaintiff,**

                                    **Case No. 1:22-cv-329**

      **v.**                           **JUDGE DOUGLAS R. COLE**

**DICK'S SPORTING GOODS, INC.,**
***et al.,***

        **Defendants.**

## <u>OPINION AND ORDER</u>

Before the Court is Plaintiff Regis W. Hearn's Motion for Leave to File an Amended Complaint Instanter (Doc. 17), in which amended complaint he seeks to add a negligent supervision claim and to assert an additional theory of liability under the doctrine of respondeat superior beyond realleging his current claims of racial discrimination in violation of 42 U.S.C. §§ 1981, 1982 and the Ohio Civil Rights Act against Defendants Dick's Sporting Goods, Inc., and Gerald E. Albright. As explained below, and cognizant of the "general principle that cases should be tried on their merits rather than the technicalities of pleadings," *Medical Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 732–33 (6th Cir. 2019) (cleaned up), the Court finds that leave to amend is warranted.[1] Thus, the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint Instanter (Doc. 17).

---

[1] Hearn also moved to file under seal an exhibit to his motion. (Doc. 18). The referenced exhibit contains Dick's Sporting Goods' internal investigation records related to alleged racial profiling of black patrons at the Mason store based on the store's management's presumption that black patrons were prone to shoplifting, which records serve as the basis for Hearn's

## BACKGROUND[2]

This suit arises from Hearn's online purchase of a bicycle for pick up at Dick's Sporting Goods' Mason location. (Compl., Doc. 1 ¶ 6, #3). Hearn alleges that when he sought to visit the Mason store with his son and daughter on June 11, 2020, to see whether his bicycle was ready and to buy related items from the store, he was confronted by Albright, the store's manager. (*Id.* ¶¶ 7–8, #3). Albright allegedly blocked Hearn's entrance into the store, demanded to know Hearn's purpose for being there, and lied about the merchandise allegedly to induce Hearn to leave the premises. (*Id.* ¶¶ 9–13, #3–4). Hearn eventually entered, albeit with Albright in tow, and met with sales associates, who sold him the bicycle-related products he sought and who described Albright as "racist." (*Id.* ¶¶ 14–16, #4).

While in the store, Hearn texted a friend asking for the police to be contacted because of Albright's behavior. (*Id.* ¶ 17, #4). Once on the scene, the deputies who responded took statements from witnesses, including a sales associate, Natalie Abel, who is alleged to have confirmed Hearn's description of his interaction with Albright and to have claimed that Albright insisted on having sales associates in the store

proposed additional claims. (Doc. 17, #72–73). Hearn obtained these records via discovery at the end of November 2022. (Doc. 20, #93). Defendants did not oppose this motion to seal. But "[a] district court has independent [an] obligation … to determine whether sealing is warranted" regardless whether the parties jointly agree to sealing. *United States ex rel. Kramer v. Doyle*, No. 1:18-cv-373, 2023 WL 3243195, at *1 (S.D. Ohio May 4, 2023). Based on the Court's independent analysis as to whether sealing is proper under *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016), which analysis is developed below, *see infra* Section B, the Court also **DENIES** Plaintiff's Motion to File Exhibit A to Plaintiff's Motion for Leave to File an Amended Complaint under Seal (Doc. 18).

[2] This background is taken from the allegations in Hearn's Complaint, so the reader has the necessary background for understanding the Court's opinion. But as the Court is relying on allegations, it provides the caveat that they are just that—allegations.

"watch black people because they steal stuff." (*Id.* ¶¶ 18–22, #5). Hearn alleges that Dick's Sporting Goods investigated the incident and that the company concluded that Albright and other employees at its Mason store engaged in racial discrimination. (*Id.* ¶¶ 24–25, #5–6). And he alleges that his two children are receiving psychiatric care, and that he has personally suffered emotional distress, because of the incident. (*Id.* ¶¶ 27–28, #6). Hearn filed suit on June 9, 2022, raising claims of racial discrimination in violation of 42 U.S.C. §§ 1981, 1982 and the Ohio Civil Rights Act, Ohio Rev. Code § 4112.02, and alleging that Dick's Sporting Goods is liable for Albright's actions under the doctrine of respondeat superior. (*Id.* ¶¶ 29–36, #6–7).

After Defendants answered (Docs. 5, 6), the parties began discovery. Several months later, after having the discovery deadlines extended beyond the timelines set in their initial Rule 26(f) proposals (*see* Am. Calendar Order, Doc. 16), Hearn moved for leave to file an amended complaint on June 1, 2023, (Doc. 17). Attached to his motion is a proposed amended complaint, which includes additional allegations that the racial discrimination that Hearn alleged he experienced in June 2020 reflected a broader practice of racial discrimination perpetuated by Albright and other employees at Dick's Sporting Goods' Mason location. (*Id.* ¶¶ 26–27, 38–39, 41–42, #81, 83–84). In particular, Hearn's proposed amended complaint includes allegations that these employees had a secret code—"We have a marshmallow in the store"—to single out black patrons for the staff to monitor closely for signs of shoplifting. (*Id.* ¶ 26, #81). And despite the Mason store manager's knowledge of this practice, allegedly no actions were taken to curb the behavior. (*Id.* ¶ 27, #81). As a result,

Hearn's amended complaint adds a negligent supervision claim against Dick's Sporting Goods regarding the failure to stop the Mason store employees from racially profiling black patrons using their marshmallow code. (*Id.* at #83). And it adds allegations, styled as "claims," that assert respondeat superior as the legal theory Hearn intends to use to hold Dick's Sporting Goods liable for the Mason store's management team's racially discriminatory practices. (*Id.* at #83–84). Dick's Sporting Goods opposed Hearn's motion. (Doc. 20). And Hearn replied. (Doc. 21). Albright, in contrast, did not opine on Hearn's motion.

The matter is now ripe for the Court's review.

## LAW AND ANALYSIS

The Court tackles Hearn's motion for leave to amend before turning to his motion to file under seal. For the reasons explained further below, the Court grants Hearn leave to amend but denies his motion to file under seal.

### A.    Motion for Leave to Amend

Generally, a party may amend its pleading once as a matter of course. But in all other cases, it may amend only with the opposing party's consent or with leave of the Court. Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave when justice so requires." But if the deadline for amending the pleadings set out in a Rule 16 scheduling order has passed, the movant must first show good cause for failing to meet the deadline under Rule 16(b), before the Court considers the propriety of leave to amend under Rule 15(a). *Leary v.*

*Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). To establish good cause, he must show that "despite [his] diligence [he] could not meet the original deadline." *Id.* at 907.

If the movant acted diligently in investigating the evidentiary basis for his proposed amendments—that is to say, he was not dilatory in moving for leave to amend to assert his new bases for relief—and yet could not meet the amendment deadline, he must also demonstrate that amendment is proper under Rule 15(a). *Id.* at 909. The "denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Some primary reasons for denying leave to amend include undue delay or undue prejudice to the opposing party were amendment allowed. *Id.* But "Rule 15(a) provides a liberal standard of permitting amendments to ensure the determination of claims on their merits." *Mahdy v. Mason City Sch. Dist.*, No. 1:16-cv-845, 2017 WL 25504, at *2 (S.D. Ohio Jan. 3, 2017).

### 1. Rule 16

Start with the Rule 16 analysis. To begin, Hearn contends in his reply brief that Rule 16 does not apply because no scheduling order specifically designated a deadline for motions to amend the pleadings. (Doc. 21, #97–99). Putting to the side the fact that this was raised for the first time in a reply brief, which thereby deprived Defendants of an opportunity to respond, *Curcio Webb LLC v. Nat'l Benefit Programs Agency, Inc.*, 367 F. Supp. 2d 1191, 1207 & n.28 (S.D. Ohio 2005), the Court need not address whether Rule 16 applies: Hearn has met the good cause standard anyway.

As Hearn argues in his briefing, he would not have been able to meet the original proposed amendment deadline of November 9, 2022. The evidence on which

he relies to add the new claim and theories of liability was not produced until three weeks *after* that proposed deadline. (Doc. 21, #99). Because Hearn did not have the evidence until after the deadline passed, it is clear he acted diligently—nothing he could have done would have enabled him to obtain the evidence in *Dick's Sporting Goods*' possession sufficiently early to meet the proposed amendment deadline. *Leary*, 349 F.3d at 906 ("Good cause is measured by the movant's diligence in attempting to meet the case management order's requirements." (cleaned up)).

Dick's Sporting Goods objects but only by claiming that Hearn was not diligent because his motion was filed around six months after the proposed deadline. (Doc. 20, #93–94). Yes, the parties proposed that all amendments to pleadings occur before November 9, 2022. (Doc. 7, #28; Doc. 12, #60). And yes, Hearn's motion was filed on June 1, 2023. (Doc. 17). But delay in filing the motion to amend is *not* the touchstone of the diligence standard. *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 409 (6th Cir. 2000) ("Delay, standing alone, is an insufficient basis for denying leave to amend, and this is true no matter how long the delay."); *accord MAKS Inc. Gen. Trading & Contracting Co. v. Sterling Operations, Inc.*, No. 3:10-cv-443, 2013 WL 4053162, at *4–5 (E.D. Tenn. Aug. 12, 2013) (explaining how a party may move to amend a complaint after the entry of a judgment). As Dick's Sporting Goods' own briefing recognizes, whether Hearn could have acted to meet *the proposed amendment deadline* is how courts evaluate whether a party has been diligent under Rule 16. (Doc. 20, #92 (citing *Leary*, 349 F.3d at 906)). As noted above and as Hearn emphasized in his briefing, the evidence that prompted the motion was produced by

Dick's Sporting Goods *after* the proposed deadline. (Doc. 21, #99). And Dick's Sporting Goods identifies no other actions Hearn should have taken to obtain that evidence before November 9, 2022, to meet the proposed deadline.[3]

So the Court finds that good cause is present and Hearn's failure to meet the parties' agreed-to amendment deadline (November 9, 2022) was not for lack of diligence.

### 2. Rule 15

Turn to Rule 15. The touchstone for the Rule 15 analysis is its "liberal standard of permitting amendments to ensure the determination of claims on their merits." *Mahdy*, 2017 WL 25504, at *2 (citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). To ascertain whether "justice … requires" amendment under Rule 15(a)(2), the Court evaluates several factors: "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citation omitted). The Court finds that none of these factors counsels against amendment: Hearn's amended complaint is based on newly obtained evidence discovered after the

---

[3] Dick's Sporting Goods' only argument why Hearn does not satisfy the Rule 16 good cause standard relates to Hearn's delay. (Doc. 20, #92–94). Admittedly, the Sixth Circuit has suggested that the potential for prejudice to the non-movant is a "relevant consideration" in this analysis. *Leary*, 349 F.3d at 908. Dick's Sporting Goods failure to raise such an argument means it is forfeited. *In re Anheuser-Busch Beer Labeling Mktg. & Sales Practices Litig.*, 644 F. App'x 515, 529 (6th Cir. 2016). Nonetheless, even were it properly raised, the Court would still find that Hearn has shown good cause because, as the Court concludes in its Rule 15 analysis, Dick's Sporting Goods will not suffer undue prejudice as a result of Hearn's being granted leave to amend his complaint. *See infra* Section A.2.

proposed amendment deadline past; the motion was filed before discovery closed; and while the proposed amendments add a new claim of negligent supervision, the related allegations still seek to hold Dick's Sporting Goods responsible for its employees' allegedly racially discriminatory actions at the Mason Store—the heart of Hearn's initial complaint. (Doc. 21, #99–101). Because the Court finds no "substantial reason to deny leave," the Court concludes leave to amend is warranted here. *Chulsky v. Golden Corral Corp.*, No. 1:19-cv-875, 2022 WL 3595251, at *3 (S.D. Ohio Aug. 23, 2022) (cleaned up).

Dick's Sporting Goods disagrees claiming four factors weigh against granting leave to amend: undue delay, lack of notice, undue prejudice, and futility of the amendment. (Doc. 20, #94).

Its arguments about undue delay and undue prejudice rely on the fact that Hearn's motion was filed just before the parties started taking depositions. According to Dick's Sporting Goods, this timing means it "will be required to spend more time and legal fees" by rewinding the clock to seek written discovery on these added claims. (*Id.*). This is not persuasive for three reasons: (1) the amendment is based on Dick's Sporting Goods' own internal investigation into racial discrimination at the Mason store; (2) the additional negligent supervision claim is not materially different from the claims raised in the initial complaint, which were based on allegations that Albright and the Mason store management tended to engage in racist behavior; and (3) discovery is still ongoing. *Abner v. Convergys Corp.*, No. 1:18-cv-442, 2021 WL 9056617, at *3–*4 (S.D. Ohio Apr. 7, 2021) (finding that any delay was not undue in

part because discovery had not ended and noting that prejudice to the defendant was unlikely given "the[] 'new liability theories' simply allege scenarios showing that [defendant] failed to [] compensate its call-center employees[,] … [which] ha[d] been the central dispute since th[e] litigation's beginning). For similar reasons, Dick's Sporting Goods' contention that leave should be denied because amendment would be futile lacks merit. By relying on Dick's Sporting Goods' internal investigation into its Mason store, which records seem to bolster the allegations of racial discrimination at the heart of this case from its inception, Hearn's proposed amended complaint "at the very least assert[s] 'colorable grounds for relief'" based on a pattern and practice of racial discrimination by its Mason employees. *Chulsky*, 2022 WL 3595251, at *3 (quoting *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979)).

Finally, turn to Dick's Sporting Goods' lack of notice argument. It contends the Court should deny Hearn's motion because he did not consult Defendants regarding this motion in violation of Local Rule 7.3. (Doc. 20, #94). To Dick's Sporting Goods' point, failing to consult opposing counsel regarding an anticipated motion "can constitute sufficient grounds to deny leave to amend under some circumstances." *Danison v. Sleep No. Corp.*, No. 2:21-cv-219, 2021 WL 4847688, at *1 (S.D. Ohio May 11, 2021). But given "Rule 7.3 was adopted largely to encourage professionalism among counsel," *Perkins v. Jackson*, No. 3:08-cv-277, 2009 WL 468289, at *1 n.1 (S.D. Ohio Feb. 23, 2009), and "given Rule 15's liberal policy of freely granting leave to amend," *Danison*, 2021 WL 4847688, at *1–*2, Hearn's failure to comply with Local Rule 7.3 is not fatal to his motion's success. *Chulsky*, 2022 WL 3595251, at *2 ("[T]he

9

Court is not *required* to deny leave merely upon a showing that one of the [factors governing whether to grant leave is] … present. Rather, the decision … is left to a district court's discretion. In exercising that discretion, though, Rule 15 puts a heavy thumb on the scale in favor of granting leave." (citation omitted)). Because Hearn has not caused undue delay by filing his motion while discovery is still ongoing and given that amendment would not prejudice Dick's Sporting Goods because the proposed amended complaint merely supplements the claims already raised, the Court exercises its discretion and finds that Rule 15(a)(2)'s liberal standard favors granting Hearn leave to amend his complaint as proposed.[4] *Id.* at *2–*3.

So the Court concludes that Hearn merits leave to file his proposed amended complaint under Federal Rule of Civil Procedure 15.

---

[4] While granting his motion despite its non-compliance with the Local Rules, the Court is still compelled to admonish Hearn and his counsel for the erroneous and misguided perception evinced by his reply brief that Local Rule 7.3 does not apply here and that "no precedent [] would require, or even call for, the denial of a [non-compliant] motion." (Doc. 21, #99). Cases in this Court have clearly found that "failure to comply with S.D. Ohio Civ. R. 7.3(b) alone is enough to warrant denying [a plaintiff's] motion seeking leave to amend." *Miller v. City of Springfield Police Div.*, No. 3:19-cv-145, 2021 WL 2688555, at *3 (S.D. Ohio June 30, 2021). In rare circumstances, this Court has found Local Rule 7.3 inapplicable because of "the procedural history and posture of th[e] case"—for example, when a motion directed at the pleadings was filed and adjudicated before amendment was sought by the plaintiff. *Coleman v. Caliber Home Loans, Inc.*, No. 2:14-cv-243, 2014 WL 6821163, at *2–*3 (S.D. Ohio Dec. 3, 2014). All the same, Local Rule 7.3 "is vigorously enforced in this Court to attempt to obtain cooperation among counsel in management of cases." *Buckhorn, Inc. v. Orbis Corp.*, No. 3:08-cv-459, 2010 WL 4918775, at *1 (S.D. Ohio Nov. 27, 2010). And given that up until the filing of this motion, the docket revealed a joint effort on the part of the parties in managing the progression of this case, Hearn was required to comply with the Local Rules' "meet and confer requirements[, which] are designed in large part to avoid unnecessary delays and to preserve the resources of the parties and of the Court." *Danison*, 2021 WL 4847688, at *2. To that end, Hearn and his counsel are on notice that compliance with the Local Rules—like any other rule or statute governing this suit—is an essential aspect of litigating in this Court and will be strictly enforced going forward. As the undersigned has made clear during all telephone conferences with the parties and as is the policy of this Court across the board, "it will best serve everyone for the parties to engage with each other in good faith going forward." *Id.*

**B.      Motion to File under Seal**

Next, the Court turns to Hearn's motion to file an exhibit to his motion to amend under seal. When resolving a motion to seal in favor of the movant, a district court must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)). To justify sealing requires overcoming the "strong presumption in favor of openness." *Brown & Williamson*, 710 F.2d at 1179. That's no easy task. To do so, the Court considers "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306. The Sixth Circuit has repeatedly cautioned that "only the most compelling reasons can justify non-disclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (cleaned up). And any sealing order must be "narrowly tailored" to serve the reason asserted. *Shane Grp.*, 825 F.3d at 305.

These requirements are not met here. The exhibit that Hearn delivered to the Court are internal emails from Dick's Sporting Goods regarding Hearn's experience with Albright at the Mason Store on June 11, 2020, and statements of various Mason store employees collected by Dick's Sporting Goods' human resources department as part of their investigation into the incident. As noted above, sealing requires a compelling reason. But the Court finds none here. The emails do not include sensitive financial information, medical information, trade secrets, or "information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual

11

assault)." *Shane Grp.*, 825 F.3d at 307–08 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002)). The closest fit might be a "recognized privilege (such as the [attorney work-product] or attorney-client privilege)." *Id.* (quoting *Baxter*, 297 F.3d at 546). But none of the hallmarks of the attorney work-product privilege are present: the exhibit lacks the mental impressions of an attorney or those at his direction formed in anticipation of litigation. *United States v. One Tract of Real Prop.*, 95 F.3d 422, 427 (6th Cir. 1996). It instead reports statements of employees collected for an internal investigation and a line-item summary of steps taken by human resources after those statements were collected. Similarly, the central feature of the attorney-client privilege is lacking: communications between a lawyer and his client in search of legal advice. *Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir. 1998).

As a result, the Court is left with the fact that the exhibit was marked as confidential and subject to the stipulated protective order entered by the Court. (Doc. 8). But that is nothing more than a "protective-order justification[], not [a] sealing-order one[]." *Shane Grp.*, 825 F.3d at 306. And while "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record," "[a]t the adjudication stage[,] … very different considerations apply"—the "line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* at 305 (first quoting *Baxter*, 297 F.3d at 545, and then quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). As Hearn wishes to place the exhibit on the record to assist in the Court's adjudication of his motion for leave to amend, the failure to identify a compelling reason for sealing dooms the success of his motion to

12

file under seal. *Veritas Indep. Partners, LLC v. Ohio Nat'l Life Ins. Co.*, No. 1:18-cv-769, 2022 WL 2383542, at *3–*4 (S.D. Ohio July 1, 2022).

So the Court finds the sealing is not proper under *Shane Group* and requires Hearn to file the exhibit on the public docket.

## CONCLUSION

Altogether, the Court finds that Hearn has good cause for his delay in filing his motion for leave to amend and that amendment is proper under Rule 15(a) because "justice so requires." So the Court **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint Instanter (Doc. 17). Accordingly, Plaintiff shall file his amended complaint on the public docket.

And as explained above, the Court finds that Plaintiff's proposed Exhibit A to his motion for leave to amend does not merit sealing under the standards outlined in *Shane Group*. So the Court **DENIES** Plaintiff's Motion to File Exhibit A to Plaintiff's Motion for Leave to File an Amended Complaint under Seal (Doc. 18). Accordingly, Plaintiff shall file this exhibit on the public docket.

**SO ORDERED.**

November 6, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

13